JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PLAKA SHIPPING COMPANY, LTD.       :

                Plaintiff,       :

    - against -       :

MIDDLE EAST MARINE AND       :
CHARTERING, INC., a/k/a MIDDLE EAST
MARINE & CHARTERING INC., and
DAO MIDDLE EAST GEN TRADING       :
AND CONTR CO. a/k/a DAO MIDDLE
EAST CO GEN TRAD & CONTRACTING:

             Defendants.       :
-------------------------------------------------------X



07 CV
ECF CASE

**RECEIVED**
AUG 14 2007
U.S.D.C. S.D N.Y.
CASHIER.

## VERIFIED COMPLAINT

Plaintiff, PLAKA SHIPPING COMPANY, LTD. (hereinafter referred to as "Plaintiff"),

by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against

the Defendants, MIDDLE EAST MARINE AND CHARTERING INC. a/k/a MIDDLE EAST

MARINE & CHARTERING INC. ("MIDDLE EAST MARINE") and DAO MIDDLE EAST

GEN. TRADING AND CONTR CO. a/k/a DAO MIDDLE EAST CO GEN TRAD &

CONTRACTING, ("DAO MIDDLE EAST") (collectively referred to as "Defendants"), alleges,

upon information and belief, as follows:

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.     At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law and was, at all material times, the voyage charter

Owner of the M/V PYTHAGORAS (hereinafter referred to as the "Vessel").

3.    Upon information and belief, Defendant MIDDLE EAST MARINE was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, and was at all material times the Charterer of the Vessel.

4.    Upon information and belief, MIDDLE EAST MARINE AND CHARTERING INC. is also known as MIDDLE EAST MARINE & CHARTERING INC.

5.    Upon information and belief, Defendant DAO MIDDLE EAST was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with offices in both Panama and Kuwait, and was at all material times the witness and guarantor of MIDDLE EAST MARINE's performance under the voyage charter identified below.

6.    By a voyage charter party dated October 27, 2006 ("Charter Party") the Plaintiff chartered the Vessel to MIDDLE EAST MARINE for one voyage trip from India to Iraq.

7.    Pursuant to the terms of the Charter Party, DAO MIDDLE EAST guaranteed MIDDLE EAST MARINE's performance of the Charter Party and was a witness to the Charter Party.

8.    During the course of the Charter, certain disputes arose between the Plaintiff and Defendants regarding the Defendants' breaches of the Charter Party including failure to pay demurrage and other breaches which resulted in charges against the Owner which are the responsibility of the Defendants.

9.    As a result of Defendants' breaches of the Charter Party, Plaintiff has sustained damages in the total principal amount of **$123,561** exclusive of interest, arbitration costs and attorney's fees.

10.    The Charter Party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

11.    Plaintiff will soon commence arbitration in London pursuant to the Charter Party.

12.    Despite due demand, Defendants have failed to pay the amounts due to Plaintiff under the charter party.

13.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $123,561.00 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $26,395.00 |
| C. | Estimated attorneys' fees: | $15,000.00 |
| D. | Arbitration costs: | $15,000.00 |
| **Total** | | **$179,956.00** |

14.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

15.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendants held

by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the

Defendants, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to

appear and answer under oath all and singular the matters alleged in the Complaint, failing which

default judgment be entered against it in the sum of **$179,956.00.**

B.     That since the Defendants cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds up to the amount of **$179,956.00** belonging to, due or being transferred to, from, or

for the benefit of the Defendants, including but not limited to such property as may be held,

received or transferred in Defendants, name(s) or as may be held, received or transferred for their

benefit at, moving through, or within the possession, custody or control of banking/financial

institutions and/or other institutions or such other garnishee(s) to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

C.     That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any

London arbitration award in Plaintiff's favor against the Defendant(s) as a judgment of this

Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

E.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: August 13, 2007
        New York, NY

The Plaintiff,
PLAKA SHIPPING COMPANY, LTD.

By
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1.    My name is Claurisse Campanale-Orozco.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    August 13, 2007
          New York, NY


_____
Claurisse Campanale-Orozco

6